UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ABDALLAH GOROUMI,

        Plaintiff,

    v.                                       CAUSE NO. 3:19-CV-400-DRL-MGG

WEXFORD HEALTH SOURCE *et al.*,

        Defendants.

OPINION & ORDER

Abdallah Goroumi, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court remains ever mindful that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Here, Mr. Goroumi alleges that, on or about January 17, 2019, he was hit in the jaw while playing baseball at Indiana State Prison. He fell and landed on his chin, and his jaw began to swell. The condition didn't improve, and three days later he put in a request for medical care. He wasn't taken to see a doctor because the facility was on lockdown, so he put in another request on January 27, 2019, stating that he could not breath or sleep because of the pain in his jaw. He was seen by a nurse that same day who told him "everything is normal," but referred him to see "Nurse Dan." He was then seen by Nurse Dan on January 29, 2019, who told him that his jaw was "not in the right position." He was sent for an x-ray.

He didn't see a doctor until February 8, 2019. He saw Dr. Marthakis (first name unknown), who examined him and said, "we are going to schedule you to see an outside doctor to fix [t]his broken jaw." On February 22, 2019, he still had not been sent out to see a doctor, and he put in another request for medical care. Four days later, he filed an informal grievance. On March 11, 2019, he was sent to an outside hospital in Michigan City for a CT scan of his jaw. On April 29, 2019, he was sent

to see an outside doctor in South Bend, Indiana, who told him that the prison should not have delayed in sending him for care, that his jaw had healed improperly, and that at that point it would be "almost impossible to get it normal." Based on these events, Mr. Goroumi sues Wexford Health Source, Dr. Marthakis, and Warden Ron Neal.

Under the Eighth Amendment, prisoners are entitled to constitutionally adequate medical care. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly when "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and quotation marks omitted).

Giving Mr. Goroumi the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim against Dr. Marthakis. Specifically, he alleges that her delay in sending him for outside care after determining that his jaw was broken caused him significant pain and permanent injury. Although further factual development may show that the delay was not caused by the doctor, he has alleged enough to proceed past the pleading stage.

He also names Wexford, a private company that provides medical staff at the jail. A private company may be held liable for constitutional violations when it performs a state function. *See Hildreth*

2

*v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general *respondeat superior* liability under § 1983, and Wexford cannot be held liable solely because it employs Dr. Marthakis. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a state function can also be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, there is nothing in the complaint from which it can be plausibly inferred that Wexford had an official policy of providing inadequate care to inmates. Mr. Goroumi has not alleged a plausible constitutional claim against this corporate defendant.

Mr. Goroumi also sues the warden, but there is nothing in the complaint to indicate that he was personally involved in Mr. Goroumi's medical care. The warden cannot be held liable solely because he is the official overseeing operations at the prison. *J.K.J.*, 960 F.3d at 377; *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Mr. Goroumi mentions that he sent a grievance to the warden, but merely having knowledge of an inmate's problem is not a sufficient basis to impose liability for monetary damages. *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). Accordingly, the warden will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Marthakis (first name unknown) in her personal capacity on a claim for monetary damages under the Eighth Amendment for delaying treatment for his broken jaw;

(2) DISMISSES all other claims;

(3) DISMISSES Wexford Health Source and Ron Neal as defendants;

(4) DIRECTS, the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Dr. Marthakis at Wexford of Indiana, LLC, along with a copy of this order and the complaint, pursuant to 28 U.S.C. § 1915(d);

3

(5) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

June 26, 2020                                    s/ Damon R. Leichty
                                                  Judge, United States District Court