UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ABDALLAH GOROUMI,

        Plaintiff,

  v.                                  CAUSE NO. 3:19-CV-400 DRL-MGG

MARTHAKIS,

        Defendant.

OPINION AND ORDER

Abdallah Goroumi, a prisoner without a lawyer, is proceeding on only one claim: "[A]gainst Dr. [Nancy] Marthakis . . . in her personal capacity on a claim for monetary damages under the Eighth Amendment for delaying treatment for his broken jaw. . .." ECF 8 at 3. Dr. Marthakis moved for summary judgment, arguing that Mr. Goroumi did not exhaust his administrative remedies before filing suit. ECF 16. Mr. Goroumi filed a response. ECF 23. Dr. Marthakis filed a reply. ECF 26. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Dr. Marthakis submits an affidavit from Joshua Wallen, the Grievance Specialist at the Indiana State Prison. ECF 18-1. He explains that Mr. Goroumi attempted to file a grievance pertaining to his broken jaw on March 12, 2019, which listed the date of the incident about which he was grieving as January 20, 2019. *Id.* at 9. This grievance was

returned as untimely because it was filed more than ten days after the listed incident date. *Id.* On March 20, 2019, Mr. Goroumi attempted to file a second grievance pertaining to his broken jaw, which again listed the incident date as January 20, 2019. *Id.* This second grievance was also returned as untimely because it was filed more than ten days after the listed incident date. *Id.* On March 21, 2019, Mr. Goroumi attempted to file a third grievance pertaining to his broken jaw, listing the date of the incident about which he was grieving as March 2, 2019. *Id.* This third grievance was returned as untimely because it was filed more than ten days after the listed incident date. *Id.* at 9-10. Mr. Goroumi did not file any other grievances pertaining to his broken jaw, and there was never any active formal grievance pertaining to Mr. Goroumi's jaw. *Id.* at 10. Dr. Marthakis argues that, because Mr. Goroumi did not timely file any formal grievances relating to his broken jaw, he failed to exhaust his administrative remedies. ECF 17 at 10-11.

Here, Dr. Marthakis has not met her burden to demonstrate that Mr. Goroumi failed to exhaust his administrative remedies, as the prison hindered Mr. Goroumi's ability to use the administrative process by improperly returning his grievances as untimely. *See King*, 781 F.3d at 893; *Kaba*, 458 F.3d at 684; *Dole*, 438 F.3d at 809. Specifically, the prison returned each of Mr. Goroumi's three grievances as untimely because he had filed each one more than ten days after its listed incident date. ECF 18-1 at 31, 33, 35. However, the fact that Mr. Goroumi listed improper incident dates on his grievances does not necessarily render those grievances untimely. The Indiana Department of Correction Grievance Policy does not even require that Mr. Goroumi list a proper incident date. The policy only requires:

3

> Each completed State Form 45471, "Offender Grievance," must meet the following standards:
> 1. Each part of the form shall be completed;
> 2. It shall be written legibly;
> 3. It shall avoid the use of legal terminology;
> 4. It shall raise the same issue that the offender raised in trying to get the informal resolution and document the attempts at informal resolution;
> 5. It shall relate to only one event or issue;
> 6. It shall be signed, dated, and submitted by an offender on his or her own behalf, although it can be written by another offender or staff member if the offender is unable to do so due to a physical, language, or other problem;
> 7. It shall explain how the situation or incident affects the offender; and,
> 8. The offender shall suggest appropriate relief or remedy.

*Id.* at 20.

Putting aside the improper incident dates listed on Mr. Goroumi's three grievances, the record shows that the grievances were timely because they complained of an ongoing injury. Specifically, in Mr. Goroumi's first grievance, filed on March 12, 2019, Mr. Goroumi asserted that he needed "to see a[n] oral doctor to fix [his] broken jaw" because he was in "constant pain" and had been waiting for over a month to see a doctor. *Id.* at 30. Mr. Goroumi's second grievance, filed on March 20, 2019, requested that the prison "[f]ix my broken jaw." *Id.* at 32. His third grievance, filed on March 21, 2019, asserted that he still had not seen a doctor and again requested that the prison "[f]ix my broken jaw." *Id.* at 34. It is unclear why Mr. Goroumi listed January 20, 2019 and March 2, 2019 as the incident dates in his grievances, but the actions he complained of by medical staff were ongoing as of the date the grievances were filed. Because these grievances sought treatment for an ongoing injury, they were improperly returned as untimely. *See*

*Heard v. Sheahan,* 253 F.3d 316, 318 (7th Cir. 2001) (noting that every day that the defendants had "prolonged [an inmate's] agony by not treating his painful condition marked a fresh infliction of punishment"); *Cesal v. Moats*, 851 F.3d 714, 722 (7th Cir. 2017) (applying *Heard* where plaintiff alleged ongoing injuries due to deliberate indifference to medical needs); *Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013) (holding that, as long as jail officials are aware of the inmate's need for treatment and refuse to act, the refusal continues as long as the officials had the power to act); *Weiss v. Barribeau*, 853 F.3d 873, 874 (7th Cir. 2017) (determining that an examiner had failed to explain why a grievance was untimely where the grievance complained of continuous pain resulting from an injury). Thus, because the prison hindered Mr. Goroumi's ability to use the administrative process, the court DENIES Dr. Marthakis' summary judgment motion (ECF 16).

SO ORDERED.

April 19, 2021

*s/ Damon R. Leichty*
Judge, United States District Court